SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Steven J. HENKE, Defendant,

and

Chan M. DESAIGOUDAR, Defendant–Appellant.

Nos. 03–16872, 04–15694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2005.

Decided May 5, 2005.

---

5. *Id.* at 907.

John S. Yun, Esq., Nina Wilder, Esq., Weinberg & Wilder, San Francisco, CA, for Plaintiff–Appellee.

Catherine A. Broderick, Attorney, Leslie E. Smith, Washington, DC, for Defendant.

Frank R. Ubhaus, Esq., Thomas P. Murphy, Christian E. Picone, Esq., Berliner Cohen, San Jose, CA, for Defendant–Appellant.

Before LAY,[*] B. FLETCHER, and HAWKINS, Circuit Judges.

### MEMORANDUM [**]

Chan Desaigoudar, the former Chief Executive Officer and Chairperson of the board of directors of California Micro Devices (CMD), pled guilty to a single count of insider trading. At the conclusion of the subsequent civil suit brought by the

SEC, the district court ordered Desaigoudar to, *inter alia*, disgorge an amount equal to his unlawfully avoided losses ($572,996.66) and pay prejudgment interest on the disgorged amount ($308,428). Desaigoudar appeals, challenging only the imposition of prejudgment interest on the disgorged funds.

Whether prejudgment interest will be awarded in a securities fraud case is a question of "fairness, lying within the court's sound discretion...." *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir.1971).

The district court did not abuse its discretion in awarding prejudgment interest on the avoided loss amount. When a defendant commits securities fraud, the disgorgement remedy should "include all gains flowing from the illegal activities." *SEC v. Cross Fin. Servs., Inc.*, 908 F.Supp. 718, 734 (C.D.Cal.1995), *aff'd sub nom. SEC v. Colello*, 139 F.3d 674 (9th Cir.1998). Such "gains include prejudgment interest to ensure that the wrongdoer does not profit from the illegal activity." *Id.* In reaching its decision, the district court considered the time-value of the avoided loss amount, the need to use the prejudgment interest to help compensate harmed investors, and whether the SEC delayed in pursuing this action. These were appropriate equitable factors for the district court to consider. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 533–34 (9th Cir.1981).

AFFIRMED.

---

[*] The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.